PAULETTE MULLER, PLAINTIFF-APPELLANT, v. BILLY WISE, DEFENDANT AND THIRD PARTY PLAINTIFF, MARINAT REAL ESTATE AND INSURANCE COMPANY, DEFENDANT AND THIRD PARTY PLAINTIFF-RESPONDENT, v. GINETTE CROWTHER, THIRD PARTY DEFENDANT.

Superior Court of New Jersey
Appellate Division

Argued September 19, 1972—Decided September 28, 1972.

528

Before Judges COLLESTER, LEONARD and HALPERN.

*Mr. John . M. Walsh* argued the cause for appellant (*Messrs. Schumann, Hession, Kennelly & Dorment*, attorneys).

*Mr. C. Eugene Godlesky* argued the cause for respondent Marinat Real Estate and Insurance Company (*Messrs. Schmidt & Godlesky*, attorneys).

PER CURIAM. Following a trial without jury, plaintiff appeals from a judgment of no cause of action entered by the trial court against her and in favor of defendant Marinat Real Estate and Insurance Company.

In this appeal we are concerned solely with plaintiff's claim for damages to her home and furnishings caused by water which came from pipes that had frozen and then thawed. We hold that the trial court misconceived the duty owed by Marinat to plaintiff.

§ 381 of the *Restatement, Agency* 2d states:

Unless otherwise agreed, an agent is subject to a duty to use reasonable efforts to give his principal information which is relevant to affairs entrusted to him and which, as the agent has notice, the principal would desire to have and which can be communicated without violating a superior duty to a third person.

The Comment to this section reads:

a. *When duty is inferred.* An agent may have a duty to act upon, or to communicate to his principal or to another agent, information which he has received, although not specifically instructed to do so. The duty exists if he has notice of facts which, in view of his relations with the principal, he should know may affect the desires of his principal as to his own conduct or the conduct of the principal or of another agent. * * * In cases of this sort, the duty of the agent is inferred from his position, just as an authority is inferred. * * *

Further, upon the record, we find that Marinat breached this duty when its representative, Mary Tsitsiragos, failed to advise plaintiff of the existing circumstances as to the tenant Wise — that the tenant was unhappy and wanted to leave, that rent had not been paid for three months and that the house had been re-advertised and shown to others by Marinat.

However, the trial court in view of its determination that Marinat breached no duty owing by it to plaintiff, never considered whether that breach of duty was the proximate cause of the damages to the premises and contents. An affirmative finding on this issue is necessary to plaintiff's recovery. Accordingly, the judgment entered by the trial court is reversed and the matter remanded for a hearing on the issue of proximate cause. In the event that issue is resolved in favor of plaintiff, then the matter of damages shall be tried and determined.

Reversed and remanded in accordance herewith. We do not retain jurisdiction.